IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AGSOUTH GENETICS LLC and UNIVERSITY OF GEORGIA RESEARCH FOUNDATION, INC., | * * | |
| Plaintiffs, | * | CASE NO. 3:09-CV-93 (CDL) |
| vs. | * | |
| GEORGIA FARM SERVICES LLC, TERRELL PEANUT COMPANY, EDWARD PARKER, Individually, and E&I DIVERSIFIED FARM SERVICE, INC., | * * * | |
| Defendants. | * | |

O R D E R

This action arises from Defendants' alleged infringement of Plaintiffs' exclusive license in the Plant Variety Protection Certificate rights to a certain wheat variety. Plaintiffs assert federal law claims against Defendants pursuant to the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Defendants Terrell Peanut Company and Georgia Farm Services, LLC seek to have this action transferred to the Albany Division of the Middle District of Georgia pursuant to 28 U.S.C. § 1404. Presently pending before the Court are (1) Defendant Terrell Peanut Company's Motion to Transfer Venue (Doc. 9) and (2) Defendant Georgia Farm Services, LLC's Motion to Transfer Venue (Doc. 11). For the following reasons, the Court grants Defendants' motions and directs the Clerk to transfer this case to the Albany Division.

BACKGROUND

## I.     The Parties

On July 23, 2009, Plaintiffs AGSouth Genetics, LLC ("AGSouth") and University of Georgia Research Foundation, Inc. ("UGARF") filed this action in the Athens Division of the Middle District of Georgia against Defendants Georgia Farm Service, LLC ("GFS"), Terrell Peanut Company ("TPC"), Edward Parker, individually, and E&I Diversified Farm Service, Inc.  UGARF is a Georgia non-profit corporation with its principal office in Athens, Georgia.  (Compl. ¶ 4.)  AGSouth is a Georgia corporation with its principal place of business in Albany, Georgia.  (*Id.* ¶ 3.)  GFS is a Georgia corporation with its principal place of business in Leesburg, Georgia, located within the Albany Division of the Middle District of Georgia.  (*Id.* ¶ 5.)  TPC is a Georgia corporation with its principal place of business in Parrott, Georgia, located within the Albany Division.  (*Id.* ¶ 6.)  Edward Parker is a resident of Smithville, Georgia, located within the Albany Division.  (*Id.* ¶ 7.)  E&I Diversified Farm Service, Inc. is a Georgia corporation with its principal place of business in Smithville, Georgia, located within the Albany Division.[1]  (*Id.* ¶ 8.)

---

[1] Plaintiffs' choice of venue—the Athens Division of the Middle District of Georgia—is proper because UGARF's primary place of business is located in Athens.  Thus, UGARF "resides" in Athens for venue purposes.  *See* M.D. Ga. R. 3.4 ("Plaintiff may file a civil case in the division in which the plaintiff resides, the defendant resides or the claim arose.").

## II.  Plaintiffs' Allegations

UGARF and the University of Florida Agricultural Experiment Station were joint owners in Plant Variety Protection Certificate Number 200000141 ("PVP"), which protected the wheat variety known as AGS 2000 wheat variety. (Compl. ¶ 11.)  In 2001, UGARF entered into a Seed Supply and License Agreement with AGSouth pursuant to which UGARF exclusively licensed the PVP and granted AGSouth the exclusive right to market and sell AGS 2000 in the United States. (*Id.; see also* Ex. B to Compl., AGS 2000 Wheat Cultivar Seed Supply & License Agreement 3 [hereinafter Supply & License Agreement].)  Under the license, AGS 2000 could be grown, offered for sale, marketed, or sold only by or with AGSouth's permission. (Compl. ¶ 12; Supply & License Agreement 3.)  AGSouth owned and used the trademark AGS to identify and distinguish its wheat seed products from other products. (Compl. ¶ 13.)  AGSouth paid a royalty to UGARF for each unit of AGS 2000 wheat seed sold. (*Id.* ¶ 15.)

Plaintiffs allege that Defendants intentionally marketed, offered for sale, and sold AGS 2000 without a license to do so, thus infringing upon UGARF's and AGSouth's rights in the PVP and AGSouth's rights in the AGS 2000 trademark. (*Id.* ¶¶ 17-21.)  Defendants' alleged infringing activities—the growing, harvesting, bagging, trucking, and selling of AGS 2000 wheat seed—took place in the Albany Division of the Middle District of Georgia. (*See* Pls.' Resp. in Opp'n to Def. TPC's Mot. to Transfer Venue [hereinafter Pls.' Resp.

3

to Def. TPC's Mot.] 2 ¶ 9 (noting that Defendants' alleged acts of infringement took place in the Albany Division of the Middle District of Georgia); *see also* Pls.' Resp. in Opp'n to Def. GFS's Mot. to Transfer Venue [hereinafter Pls.' Resp. to Def. GFS's Mot.] 2 ¶ 9 (same).)  As a result of Defendants' alleged infringing acts, Plaintiffs brought this action, claiming infringement pursuant to the Plant Variety Protection Act and the Lanham Act.[2]  (Compl. ¶¶ 22, 23-33.)

                              DISCUSSION

**I.   28 U.S.C. § 1404 Principles**

Defendants TPC and GFS both seek to transfer this case to the Albany Division of the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1404. Section 1404 provides,

> (a)  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b)  Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

---

[2] On September 23, 2009, GFS filed a counterclaim against Plaintiffs, alleging that Plaintiffs tortiously interfered with the business relationship between GFS and the Georgia Seed Development Commission ("GSDC"). (Def. GFS's Answer, Defenses, Countercl. & Cross-cl. 8-11 ¶¶ 1-19.)  Specifically, GFS alleges that Plaintiffs instructed the GSDC not to fulfill GFS's 2009 allocation of certain peanut seeds because GFS was "brown bagging" AGS 2000 wheat seed.  (*Id.* at 9-10 ¶¶ 11-15.)

In this case, TPC and GFS seek an intra-district transfer pursuant to 28 U.S.C. § 1404(b) ("§ 1404(b)"), which is a discretionary transfer subject to the same analysis as under 28 U.S.C. § 1404(a) ("§ 1404(a)").[3]  Under § 1404(a), a district court may transfer any civil action to any district or division where it could have been brought for (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).  Because federal courts afford the plaintiff's choice of forum considerable deference, the party seeking the transfer bears the burden of establishing that the suggested forum is more convenient.  *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).  Thus, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other

---

[3] Defendant GFS suggests that "intra-district transfers are subject to a less rigorous standard than inter-district transfers[.]"  (Def. GFS's Mot. to Transfer Venue of Civil Action to the Albany Div. & Mem. of Law in Supp. Thereof [hereinafter Def. GFS's Mot.] 3; *see* Def. GFS's Reply to Pls.' Opp'n to Def. GFS's Mot. to Transfer Venue [hereinafter Def. GFS's Reply] 2.)  Since transfer is appropriate in this case even under the more rigorous standard, it is unnecessary to determine whether the less rigorous standard should be applied.

considerations." *Robinson*, 74 F.3d at 260 (internal quotation marks omitted).

## II. Albany Division of the Middle District of Georgia

The Court must first determine whether the pending action "might have been brought" in the Albany Division of the Middle District of Georgia. 28 U.S.C. § 1404(a). Here, there is no doubt that this action could have been brought in the Albany Division of the Middle District of Georgia. *See* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1001(a), 102 Stat. 4642, 4664 (1988) (repealing the divisional venue statute, formerly 28 U.S.C. § 1393).

## III. 28 U.S.C. § 1404(a) Factors

The Court must next consider whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the requested transfer. 28 U.S.C. § 1404(a). The Eleventh Circuit has identified nine factors relevant to analyzing a motion to transfer venue under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

In this case, two of the Eleventh Circuit's factors are equally balanced. First, neither party seriously contends that it would be

6

more expensive to litigate in one division than another. Second, both the Athens Division and the Albany Division judges are equally familiar with the law governing Plaintiffs' claims. After balancing the remaining factors, however, the Court concludes that the most appropriate forum for this action is the Albany Division.

The convenience of the parties clearly favors the Albany Division. Here, the only party that does *not* reside in the Albany Division is UGARF. (*Compare* Compl. ¶ 4 (alleging that UGARF is located within Athens Division), *with id.* ¶¶ 3, 5-8 (alleging that AGSouth and all Defendants are located within Albany Division); c*f.* Pls.' Resp. to Def. GFS's Mot. 5 ("Although the purloiners are located in the Albany Division, Plaintiff UGARF and its counsel are located in Athens, Georgia.").)[4]

The locus of operative facts and location/access of documents also favor the Albany Division. Here, the crux and litigation focal point of Plaintiffs' case is Defendants' alleged acts of infringement—the growing, harvesting, bagging, trucking, and selling of AGS 2000 wheat seed—all of which occurred within the Albany Division. Similarly, because the locus of operative facts is in the

---

[4] Plaintiffs contend that the Albany Division will be an inconvenient forum for their counsel. (*See, e.g.*, Pls.' Resp. to Def. TPC's Mot. 5.) UGARF is represented by Edward Donald Tolley and Ronald E. Houser, both of Cook, Noell, Tolley & Bates, LLP, located in Athens, Georgia. AGSouth is represented by Duff Nolan of the Nolan Law Group, PLLC, located in Stuttgart, Arkansas. AGSouth is also represented by Richard Warren Fields of Perry & Walters, LLP, located in Albany, Georgia. The Court finds that any inconvenience to Plaintiffs' counsel does not outweigh the convenience to the parties or the other factors that favor transferring this action to the Albany Division.

Albany Division, any documents and other sources of proof relevant to demonstrating Defendants' alleged acts of infringement likely will be found in the Albany Division.  Furthermore, while there may be some documents located in the Athens Division necessary to establish Plaintiffs' ownership of the AGS 2000 PVP (*see, e.g.*, Pls.' Resp. to Def. TPC's Mot. 6), those documents should be provided to Defendants through discovery, and there is no reason to believe that those documents could not be easily transported to the Albany Division from the Athens Division.

The convenience of the witnesses, as well as the availability of process to compel the presence of nonparty witnesses, favor the Albany Division, too.  It appears that most of the key witnesses reside in the Albany Division.  Here, Defendants' alleged acts of infringement occurred in the Albany Division; therefore, most of the witnesses that will have information regarding Defendants' alleged liabilities reside within the Albany Division.[5]  (*See* Def. GFS's Reply

---

[5] Plaintiffs anticipate calling two out-of-state nonparty witnesses to testify at trial regarding Defendants' alleged liabilities.  *(See, e.g.,* Pls.' Resp. to Def. GFS's Mot. 5.)  Plaintiffs contend that the Athens Division would be a more convenient forum for these witnesses because of its close proximity to the Hartsfield-Jackson International Airport in Atlanta, Georgia.  (*Id.*)  The difference in the inconvenience imposed upon these out-of-state witnesses by requiring them to travel from the Atlanta airport to Albany, rather than to Athens, is negligible.

Plaintiffs also anticipate calling on several Athens residents to testify at trial.  However, these witnesses are necessary mainly to give "testimony to prove the establishment of a valid license agreement between UGARF and AGSouth and the fulfillment of its terms." (Pls.' Sur-Reply to Def. GFS's Reply to Pls.' Opp'n to Def. GFS's Mot. to Transfer Venue [hereinafter Pls.' Sur-Reply] 3.)  It is the Court's perception that any dispute surrounding these issues is likely to be less significant than those related to Defendants' alleged infringing activities.

4 ("Defendant[] [GFS's] likely witnesses are largely farmers and other individuals who work in the agricultural sector and reside in the counties within the Albany Division."); *cf.* Exs. B & C to Def. GFS's Reply (affidavits by two nonparty witnesses located within Albany Division stating they bought AGS 2000 wheat seed from GFS but did not replant it).)  Because the Albany Division is located more than 100 miles from the Athens Division, it may be more difficult to compel the attendance of any nonparty witnesses from the Albany Division to appear in Athens if the subpoena requires the nonparty witness to incur substantial expense.  *Compare* Fed. R. Civ. P. 45(e) (allowing a court to hold in contempt any person who refuses to obey a subpoena unless "the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)"), *with* Fed. R. Civ. P. 45(c)(3)(A)(ii) (requiring a court to quash a subpoena that requires a nonparty to travel more than 100 miles from where nonparty resides, works, or regularly transacts business in person "except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held"), *and* Fed. R. Civ. P. 45(c)(3)(B)(iii) (allowing a court to quash a subpoena if it requires "a person who is neither a party nor

a party's officer to incur substantial expense to travel more than 100 miles to attend trial").[6]

The only factor in favor of the Athens Division is deference to a plaintiff's choice of forum. Under the circumstances of this case, however, the Court finds that Plaintiffs' choice of forum is entitled to less deference because the facts underlying this action occurred in the Albany Division of the Middle District of Georgia. *See Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-CV-105 (CDL), 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008) (noting that "a plaintiff's choice of forum is . . . afforded little weight if the majority of the operative events occurred elsewhere" (internal quotation marks omitted)). Furthermore, contrary to Plaintiffs' contention that this venue transfer would merely "serve to shift any inconvenience to the Plaintiffs" (Pls.' Sur-Reply 3), the Court finds that *all* other factors clearly outweigh Plaintiffs' choice of forum.

CONCLUSION

For all of the previously described reasons, the Court finds that this action can be adjudicated more efficiently in the Albany Division, and that the interests of justice favor a transfer to that Division. Accordingly, Defendants' motions to transfer (Docs. 9 &

---

[6] The Court notes that although Defendants contend that most of their potential nonparty witnesses reside in the Albany Division, they do not contend that any of these witnesses will be unable or unwilling to travel to the Athens Division. Therefore, although this factor provides some support for a transfer, there is no indication that it is a significant factor.

11) are granted, and the Clerk is directed to transfer this action to the Albany Division of the Middle District of Georgia.

IT IS SO ORDERED, this 9th day of December, 2009.

                                        S/Clay D. Land  
                                            CLAY D. LAND  
                                  UNITED STATES DISTRICT JUDGE